UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| BASEL M. SOUKANEH | : |
| VS. | :       NO. 3:19cv1147(JBA) |
| DAVID ANDRZEJEWSKI | :       JANUARY 18, 2021 |

**PLAINTIFF'S LOCAL RULE 56 STATEMENT**

*A     RESPONSES TO DEFENDANT'S CLAIMS OF FACT*

1. Admit

2. Admit

3. Admit

4. Admit

5. Admit that he knocked; deny that he "requested" because it was a shouted demand rather than a request. (Exhibit 1, p. 23)

6. Admit

7. Admit

8. Objection. This is an offer of an opinion, not a statement of fact.

9. Admit that the plaintiff was handcuffed and searched. Deny that he was "placed" anywhere. (Exhibit 1, pp. 24, 26, 32)

1

10. Admit

11. Deny.  It was far longer than that before the handcuffs were removed from the plaintiff.  (Exhibit 1, p. 40)

**B    PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

1.   At approximately 8:43 p.m. on November 12, 2018, the plaintiff was lawfully operating his motor vehicle in the vicinity of Hillside Avenue and Pine Street in Waterbury.  (Exhibit 1, p. 20)

2.  The defendant forcibly removed the plaintiff from his car while the engine was still running.  (Id., p. 21)

3.  The defendant had pulled the top half of the plaintiff's body out of his car when the plaintiff was able to turn off the ignition and release his seat belt.  (Id., p. 22)

4.  The plaintiff had his cellphone in an appropriate place on his dash and he had been using it for gps navigation as he attempted to find a location in Waterbury with which he was unfamiliar.  (Id., p. 23)

5.  His cellphone had frozen so he pulled over to adjust it.  (Ibid.)

6.  He immediately heard the defendant knocking on his window.  (Ibid.)

7.  He rolled down his window, smiled and said: "Hi."  (Ibid.)

8.  The defendant screamed at him: "Your driver's license."  (Ibid.)

9. The plaintiff handed the defendant both his driver's license and his firearms permit. (Id., p. 24)

10. As soon as the plaintiff handed the defendant his license, the defendant immediately opened the door to the plaintiff's car with his other hand, said "Come out," and began forcing the plaintiff out of the car. (Ibid.)

11. The defendant grabbed the plaintiff by his shoulder and shirt and tried to drag him out while the plaintiff still had his seatbelt fastened. (Id., p. 26)

12. The plaintiff suffers from two herniated discs, so the defendant's actions caused him a great deal of pain. (Ibid.)

13. The defendant was violent in the way he dragged the plaintiff out of the car. (Id., p. 27)

14. When the plaintiff was able to release his seatbelt, the defendant pushed the plaintiff down onto the ground, yelling and screaming at him. (Ibid.)

15. The defendant was not interested in listening to the plaintiff. He only screamed at him and used force upon him. (Id., pp. 29-30)

16. Although the plaintiff handed the defendant his pistol permit, the defendant did not ever ask the plaintiff if he was in fact in possession of a firearm. (Id., p. 30)

17. The defendant did not appear to be acting like a normal police officer. He appeared to be upset and very angry and violent. (Id., p. 32)

18. As the defendant pushed the plaintiff to the ground, he handcuffed both of his hands. (Ibid.)

19. The defendant then pushed the plaintiff to his car, shouting: "Where's the prostitute? Where's the drugs?" (Ibid.)

20. The plaintiff was not familiar with that section of Waterbury. (Id., p. 34)

21. The plaintiff travels throughout Connecticut and he was looking for a house to buy in Waterbury for residential purposes. (Ibid.)

22. The defendant put his hands in the plaintiff's pockets and said he had found drugs. (Id., p. 36)

23. In fact, the drugs which the defendant found were the plaintiff's nitroglycerin pills. The plaintiff explained to him that they were for his heart. (Id., p. 37)

24. The defendant then shoved the plaintiff into the rear area of his cruiser, bent over and partially on the floor of the vehicle. (Id., pp. 37-38)

25. The plaintiff began screaming that his back was in great pain, and in response the defendant grabbed the plaintiff's handcuffs and jerked them. (Id., p. 38)

26. The defendant left the plaintiff in that position, facing down and unable to see, until another police officer came along several minutes later and

helped him sit up.  (Id., p. 39)

27.  At that time, the plaintiff was able to see the defendant searching his entire car, both front and rear, and opened and searched the locked trunk as well.  (Id., pp. 39-40, 43)

28.  After the search ended, the plaintiff was left sitting handcuffed in the squad car for another half hour.  During that time a group of seven to ten police officers gathered.  (Id., p. 40)

29.  The plaintiff had $320 in cash in the pocket of his trousers which the defendant searched.  It was the only cash he had.  The defendant removed it from the plaintiff's pocket when he was searching him.  (Id., p. 41)

30.  The money, and a flash drive which the defendant also removed from the pocket of the plaintiff's trousers, have not been returned to him.  (Id., p. 42)

31.  After the search of the plaintiff's car had concluded, the defendant returned to the cruiser and began writing on his onboard computer.  (Id., p;p. 43-44)

32.  As he was writing, the defendant turned to another officer standing outside his cruiser and asked: "What should I write him up for?"  The other officer began laughing.  (Id., p. 44)

33.  The sergeant then came over and told the defendant what to write.  (Ibid.)

34. The photos and videos on the flash drive which the defendant stole from the plaintiff were of the plaintiff's deceased father and cannot be replaced. (Id., p. 48)

35. The plaintiff had been stopped, fixing his gps, no more than ten seconds before the defendant was at his window.  (Id., p. 50)

36. The plaintiff was not stopped in front of a driveway.  (Id., p. 54)

37. The light inside the plaintiff's car was on, so the defendant was able to see inside when he approached the window.  (Id., p. 55)

        THE PLAINTIFF

BY:       */s/*    *John R. Williams*
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street
        New Haven, CT 06510
        203.562.9931
        Fax:  203.776.9494
        jrw@johnrwilliams.com

CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                 */s/    (ct00215)*
                                                 JOHN R. WILLIAMS